**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4479

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL RAY ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (CR-03-80-FL)

Submitted: December 16, 2005          Decided: February 6, 2006

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Kelly L. Greene, STUBBS & PERDUE, P.A., New Bern, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Ray Anderson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him as an armed career criminal, see 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), to a 184-month term of imprisonment. Anderson appeals his conviction and sentence, asserting that the district court should have allowed him to withdraw his guilty plea and that the court erred in classifying him as an armed career criminal. The Government asserts that Anderson validly waived the right to appeal his sentence in the plea agreement. We agree with the Government and dismiss that portion of the appeal. We affirm Anderson's conviction.

Anderson asserts that the district court erred by denying his motion to withdraw his guilty plea. We have thoroughly reviewed the record and conclude that the district court properly applied the six-factor test in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We therefore find that the court did not abuse its discretion in denying Anderson's motion to withdraw his guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating standard of review).

Next, Anderson contends that the district court erred in sentencing him as an armed career criminal, and the Government asserts that he waived the right to challenge his sentence in the

plea agreement. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). A waiver of appeal does not prohibit the appeal of a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea. United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

Our review of the record leads us to conclude that Anderson knowingly and voluntarily waived the right to appeal his sentence. See Blick, 408 F.3d at 169-73 (holding that plea agreement waiver of right to appeal that district court accepted prior to United States v. Booker, 543 U.S. 220 (2005), was not invalidated by change in law effected by that decision). Moreover, the challenges raised on appeal to the armed career criminal designation fall within the scope of the waiver. See id. at 169-70. We therefore dismiss this portion of the appeal.

Accordingly, we affirm Anderson's conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART